1   Jennifer Sun (State Bar No. 238942)
    jennifersun@jonesday.com
2   JONES DAY
    3161 Michelson Drive, Suite 800
3   Irvine, CA  92612.4408
    Telephone:    (949) 851-3939
4   Facsimile:    (949) 553-7539

5   Attorneys for Defendant
    EXPERIAN INFORMATION SOLUTIONS, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                       SACRAMENTO DIVISION

11

12  LEIF LOWERY & WENDY LOWERY,          Case No. 2:15-cv-02314-KJM-EFB

13           Plaintiffs,                 Hon. Edmund F. Brennan

14       vs.                             **STIPULATION AND [~~PROPOSED~~]
                                         PROTECTIVE ORDER**
15  WELLS FARGO, N.A., et al.,
                                         Complaint filed:  November 8, 2015
16           Defendants.

17

18          IT IS HEREBY STIPULATED by and between Plaintiffs Leif Lowery and Wendy

19  Lowery ("Plaintiffs"), and Defendants Experian Information Solutions, Inc. ("Experian"),

20  Equifax Information Services, LLC ("Equifax"), and Wells Fargo Bank, N.A. ("Wells Fargo")

21  (Experian, Equifax and Wells Fargo are collectively referred to herein as "Defendants"), through

22  their respective attorneys of record, as follows:

23          WHEREAS, Fed. R. Civ. Proc. 26(c)(1) requires a showing of good cause for the entry of

24  a protective order by the Court to prevent public disclosure of non-public material such as trade

25  secrets or other confidential research, development, or commercial information;

26          WHEREAS, documents and information have been and may be sought, produced or

27  exhibited by and among the parties to this action relating to trade secrets, confidential research,

28  development, technology or other proprietary information belonging to Defendants, and/or

DMSLIBRARY01:29021910.1

personal income, credit and other confidential information of Plaintiffs;

WHEREAS, an order of this Court is necessary to protect Defendants from annoyance, embarrassment, oppression, or undue burden or expense related to the disclosure of Defendants' confidential, proprietary or private information for purposes other than prosecuting and defending this litigation; and

WHEREAS, this Order does not confer blanket protection on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific documents and material entitled to confidential treatment under applicable legal principles.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.      In accordance with Local Rule 141.1(c), this Order shall govern the use, handling and disclosure of the following categories of confidential documents:

a.    Experian Confidential Documents:  Policy and Procedure materials; Training materials; Administrative Reports; Dispute Response Logs (or "D/R") Logs; Disclosure Logs; and Transaction Logs (collectively, the "Experian Confidential Documents").  The Experian Confidential Documents are all internal materials created by Experian exclusively for use by its employees, and/or reports generated by Experian's computer system for a specific consumer and in response to the instant lawsuit. These Experian Confidential Documents may only be generated by a very limited number of trained Experian employees, and access is restricted to those with an absolute need to know.  The Experian Confidential Documents contain "trade secret or other confidential research, development, or commercial information," as defined in Fed. R. Civ. Proc. 26(c)(1)(G).  Codes appearing throughout the Experian Confidential Documents provide critical information about Experian's computer credit

DMSLIBRARY01:29021910.1

reporting system, which embodies the core of Experian's business. Experian has implemented extensive measures to keep this information secret.  This Order shall further govern the use of any testimony, materials or other information regarding the highly confidential internal codes and other information contained in the Experian Confidential Documents.

b.  Equifax Confidential Documents:  Policy and Procedure materials; Training materials; Investigation Materials; Administrative Reports; Dispute Response Materials; Disclosure Materials; and Transaction Logs or Reports (collectively, the "Equifax Confidential Documents").  The Equifax Confidential Documents are all internal materials and/or reports generated by Equifax for use by its employees and/or for a specific consumer, and in response to the instant lawsuit.  These Equifax Confidential Documents may only be generated by a very limited number of trained Experian employees, and access to them is restricted to employees fully trained to work with them.  Some of the Equifax Confidential Documents contain "trade secret or other confidential research, development, or commercial information," as defined in Fed. R. Civ. Proc. 26(c)(1)(G).  Codes appearing throughout the Equifax Confidential Documents provide critical information about Equifax's computer credit reporting system, which embodies the core of Equifax's business.  Equifax has implemented extensive measures to keep this information secret.  This Order shall further govern the use of any testimony, materials or other information regarding the highly confidential internal codes and other information contained in the Equifax Confidential Documents.

c.  Wells Fargo Confidential Documents:  Policy and Procedure materials; Training materials (collectively, the "Wells Fargo Confidential

Documents"). The Wells Fargo Confidential Documents are all internal materials generated by Wells Fargo for use by its employees. These Wells Fargo Confidential Documents contain "trade secret or other confidential research, development, or commercial information," as defined in Fed. R. Civ. Proc. 26(c)(1)(G). Wells Fargo has implemented extensive measures to keep this information secret. This Order shall further govern the use of any testimony, materials or other information regarding the highly confidential information contained in the Wells Fargo Confidential Documents.

d. During the course of discovery, if additional documents entitled to protection under this Order are sought, produced or exhibited by and among the parties to this action, the parties reserve the right to request that the Court modify the list of documents identified above.

2. Any party producing the documents or other materials described in Paragraph 1, in this action (a "Producing Party"), may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. ~~To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Local Rule 141.~~ This stipulation and protective order does not entitle the parties to file confidential information under seal. Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

STIPULATED PROTECTIVE ORDER
Case No. 2:15-cv-02314-KJM-EFB

DMSLIBRARY01:29021910.1

4.      All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5.      Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6.      Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7.      All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as

provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8.      Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9.      This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10.     Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be destroyed by the party in receipt of the confidential materials, or returned to the Producing Party.  Whether the materials designated "Confidential" are returned or destroyed, the party in receipt of the materials must submit a written certification to the Producing Party by the 60-day deadline.

11.     In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Local Rule 251.  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.  During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts

STIPULATED PROTECTIVE ORDER
Case No. 2:15-cv-02314-KJM-EFB

DMSLIBRARY01:29021910.1

and materials afforded confidential treatment pursuant to this Order.

13.     Pursuant to Fed. R. Evid. 502(d), the production of documents in this proceeding shall not, for purposes of this proceeding or any other proceeding in any other court, constitute a waiver of any privilege or protection applicable to those documents, including the attorney-client privilege or work product protection, that the producing party would otherwise be entitled to assert.  The provisions of Fed. R. Evid. 502(b)(2) are inapplicable to this proceeding.

14.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

STIPULATED PROTECTIVE ORDER
Case No. 2:15-cv-02314-KJM-EFB

DMSLIBRARY01:29021910.1

1    Dated: July 12, 2016                          Respectfully submitted,

2

3                                                  */s/ Jennifer Sun*
                                                   _____
4                                                  Jennifer Sun
                                                   JONES DAY
5                                                  3161 Michelson Drive, Suite 800
                                                   Irvine, CA 92612
6                                                  Telephone: (949) 851-3939

7                                                  *Attorneys for Defendant*
                                                   *Experian Information Solutions, Inc.*

8    Dated: July 12, 2016                          Respectfully submitted,

9

10                                                 */s/ Steve Gimblin*
                                                   _____
11                                                 Steve Gimblin
                                                   LAW OFFICES OF STEVE GIMBLIN
12                                                 1007 Live Oak Blvd., A3
                                                   Yuba City, CA 95991
13                                                 Telephone: (530) 671-9822

14                                                 *Attorneys for Plaintiffs*
                                                   *Leif Lowery and Wendy Lowery*

15   Dated: July 12, 2016                          Respectfully submitted,

16

17                                                 */s/ Thomas P. Quinn, Jr.*
                                                   _____
18                                                 Thomas P. Quinn, Jr.
                                                   NOKES & QUINN
19                                                 410 Broadway, Suite 200
                                                   Laguna Beach, CA 92651
20                                                 Telephone: (949) 376-3500

21                                                 *Attorneys for Defendant*
                                                   *Equifax Information Services, LLC*

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. 2:15-cv-02314-KJM-EFB

DMSLIBRARY01:29021910.1

1   Dated: July 12, 2016                         Respectfully submitted,

2

3                                                /s/ Thomas N. Abbott
                                                 Thomas N. Abbott
4                                                Severson & Werson
                                                 One Embarcadero Center, Suite 2600
5                                                San Francisco, CA 94111
                                                 Telephone: (415) 398-3344
6
                                                 *Attorneys for Defendant*
7                                                *Wells Fargo Bank, N.A.*

8

9
    IT IS SO ORDERED.
10
    Dated:  July 13, 2016_____
11                                               HON. EDMUND F. BRENNAN
12                                               UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. 2:15-cv-02314-KJM-EFB

DMSLIBRARY01:29021910.1

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

*Leif Lowery, et al. v. Wells Fargo, et al.*
United States District Court, Eastern District of California
Case No. 2:15-cv-02314-KJM-EFB

I, _____, declare as follows:

1.     My address is _____.

2.     My present employer is _____.

3.     My present occupation or job description is _____.

4.     I have received a copy of the Stipulated Protective Order entered in this action on _____, 2016.

5.     I have carefully read and understand the provisions of this Stipulated Protective Order.

6.     I will comply with all provisions of this Stipulated Protective Order.

7.     I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8.     I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9.     Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.     I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

STIPULATED PROTECTIVE ORDER
Case No. 2:15-cv-02314-KJM-EFB

DMSLIBRARY01:29021910.1

1

2

3

       I declare under penalty of perjury under the laws of the United States that the following is

4

true and correct.

5

       Executed this _____ day of _____, 2016 at _____.

6

7

8                                         _____
                                        QUALIFIED PERSON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28